# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ALONZO and MARIO ALONZO, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | 1:17-cv-539-LJO-SKO <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> (ECF No. 11) |

Plaintiffs Yolanda Alonzo and Mario Alonzo ("Plaintiffs") bring two claims pursuant to the Federal Tort Claims Act ("FTCA") against Defendants United States of America, Family Healthcare Network, Elizabeth Enderton, and Does 1 through 20 (collectively "Defendants") for events related to Yolanda Arvizu's medical treatment in October 2014. ECF No. 1 ("Compl.").

Now before the Court is the United States' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, in which it contends that Plaintiffs' claims are time-barred because the FTCA bars actions filed more than six months after the agency acts on the underlying administrative tort claim, and Plaintiffs filed their complaint more than six months after their administrative claims were denied. ECF No. 11. Plaintiffs failed to file an opposition by the relevant deadline. The matter is now ripe for decision, and the Court deems it suitable for a decision on the papers pursuant to Local Rule 230(g). ECF No. 13.

28 U.S.C. § 2401 provides as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun **within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.**

1

(emphasis added). It is undisputable that Plaintiffs did not file this claim within six months after their administrative claim was denied. Plaintiffs, through counsel, submitted two administrative tort claims to the United States Department of Health and Human Services ("HHS") on May 18, 2016. Declaration of James C. Anagnos ¶ 2. HHS issued a notice of final determination denying Plaintiffs' claims on October 12, 2016. *Id.* ¶ 2; *Id.* Ex. 1 (copy of HHS denial letter). In this notice, HHS advised Plaintiffs that if they were dissatisfied with the denial, they could "file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination." *Id.* The denial letter was mailed by certified mail on October 12, 2016, and Plaintiffs' then-counsel acknowledged receipt. *Id.* Six months from the date of the mailing of HHS' denial letter is April 12, 2017. Statement of Undisputed Facts In Support of United States' Motion for Summary Judgment (ECF No. 11-2). Plaintiffs filed the Complaint in this case on April 13, 2017. *Id.*; ECF No. 1. Because Plaintiffs did not file their claim within six months after the date that HHS mailed the notice of final denial, Plaintiffs' claim is "forever barred." 28 U.S.C. § 2401(b). Moreover, Plaintiffs, who did not file an opposition to the pending motion, have made no effort to show that the doctrine of equitable tolling might apply in this case. Accordingly, because there is "no genuine dispute as to any material fact," the Court finds that Defendants are entitled to summary judgment under Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

## CONCLUSION AND ORDERS

Defendants' motion for summary judgment (ECF No. 11) is GRANTED. The Clerk of Court is directed to enter judgment in Defendants' favor and CLOSE this case.

IT IS SO ORDERED.

Dated: **August 1, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE